Neal Walters (020901993)
Casey Watkins (060122014)
Kristen Petagna (324202020)
Jordan Meyer (375302021)
BALLARD SPAHR LLP
700 East Gate Drive, Suite 330
Mount Laurel , NJ 08054-0015
(856) 761-3400
(856) 761-1020 fax
waltersn@ballardspahr.com
watkinsc@ballardspahr.com
petagnak@ballardspahr.com
meyerjl@ballardspahr.com

*Attorneys for Defendant Subaru of America, Inc.*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **Katelyn Robinson,** individually and on behalf of all others similarly situated,<br><br>       Plaintiff;<br><br>  v.<br><br>**Subaru of America, Inc.,**<br><br>       Defendant. | Case No.<br>1:24-cv-09334<br><br>**Defendants' Subaru of America, Inc. and Subaru Corporation's Reply Brief in Further Support of their Motion to Dismiss** |

# Table of Contents

Page

I.      INTRODUCTION............................................................................................ 1

II.     ARGUMENT ................................................................................................1

    a.      Plaintiffs' unjust enrichment claims fail as a matter of law for several reasons. .................................................................................................. 1

        i.      Unjust enrichment is not an independent cause of action under Texas or Alaska law......................................................................... 1

        ii.     Plaintiffs' failure to establish the absence of an adequate remedy at law and the existence of the NVLW bars Plaintiffs' unjust enrichment claims.................................................................. 3

        iii.    Plaintiff Taylor's unjust enrichment claim additionally fails for its inability to satisfy Florida's direct benefit requirement........................... 5

    b.      Plaintiff Robinson concedes that she did not allege a money-had-and-received claim................................................................................. 5

    c.      Plaintiffs' express warranty claims fail because the Mirror Defect is a design defect........................................................................... 6

    d.      Plaintiff Brenner's breach of express warranty claims fail as a matter of law. ....................................................................................... 6

    e.      Plaintiffs' remaining statutory and common law fraud claims fail as a matter of law............................................................................ 8

        i.      Plaintiffs forfeited any claim regarding fraud due to affirmative misrepresentation.............................................................. 8

        ii.     Plaintiffs do not adequately allege fraudulent concealment. .................... 8

        iii.    The Subaru Defendants had no duty to disclose........................................ 9

        iv.     The economic loss doctrine bars the Utah and California fraudulent concealment claims................................................................12

        v.      Plaintiffs' fraud claims must be dismissed because they fail to properly plead causation and/or reliance. .................................................13

    f.      The UCSPA preempts any non-UCSPA class claims for damages......................14

    g.      Plaintiff Brenner acknowledges that he does not seek to recover actual damages under his UCL claim. ........................................................15

III.    CONCLUSION............................................................................................15

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Adams v. Nissan N. Am., Inc.*,
    395 F. Supp. 3d 838 (S.D. Tex. 2018) .................................................................................10

*Admiral Ins. Co. v. Arrowood Indem. Co.*,
    471 B.R. 687 (N.D. Tex. 2012) ...........................................................................................10

*Ajose v. Interline Brands, Inc.*,
    187 F. Supp. 3d 899 (M.D. Tenn. May 17, 2016) .................................................................2

*Amato v. Subaru of N. Am., Inc.*,
    No. 18-cv-16118, 2019 U.S. Dist. LEXIS 209659 (D.N.J. Dec. 5, 2019) .............................6

*Armstrong v. BMW of N. Am., LLC*,
    2025 U.S. Dist. LEXIS 60160 (D.N.J. Mar. 31, 2025) .........................................................3

*Barclay v. Ifit Health & Fitness Inc.*,
    No. 19-2970, 2022 U.S. Dist. LEXIS 249715 (D. Minn. July 1, 2022) ...............................13

*Bullard v. Jaguar Land Rover Auto. PLC*,
    No. 20-14464, 2023 U.S. Dist. LEXIS 130737 (D.N.J. July 28, 2023) ...............................10

*City of Page v. Utah Associated Mun. Power Sys.*,
    No. 05-921, 2006 U.S. Dist. LEXIS 46250 (D. Utah July 7, 2006) ......................................4

*Copeland v. Albion Labs., Inc.*,
    No. 15-585, 2015 U.S. Dist. LEXIS 154757 (W.D. Wash. Nov. 16, 2015) ...........................9

*Defrank v. Samsung Elecs. Am., Inc.*,
    No. 19-21401, 2020 U.S. Dist. LEXIS 198893 (D.N.J. Oct. 26, 2020) .............................4, 5

*Doe on behalf of Doe v. Small*,
    654 F. Supp. 3d 376 (D.N.J. 2023) .......................................................................................8

*In re GM LLC Ignition Switch Litig.*,
    257 F. Supp. 3d 372 (S.D.N.Y. June 30, 2017) ....................................................................4

*Guzman v. Polaris Indus. Inc.*,
    No. 8:19-cv-01543, 2021 U.S. Dist. LEXIS 98389 (C.D. Cal. May 12, 2021),
    rev'd on other grounds, No. 21-55520, 2022 U.S. App. LEXIS 27297 (9th Cir.
    Sept. 29, 2022) ....................................................................................................................4

*Haas v. GM LLC*,
    No. 23-10522, 2024 U.S. Dist. LEXIS 62581 (C.D. Cal. Apr. 4, 2024) ..............................12

*Joe v. Ford Motor Co.*,
  689 F. Supp. 3d 760 (C.D. Cal. Aug. 30, 2023) ...................................................................12

*Johnson v. Blendtec, Inc.*
  500 F. Supp. 3d 1271 (D. Utah 2020) ......................................................................... 14, 15

*Lilani v. Noorali*,
  No. 09-2617, 2011 U.S. Dist. LEXIS 440 (S.D. Tex. Jan. 3, 2011) ......................................2

*McCabe v. Daimler AG*,
  948 F. Supp. 2d 1347 (N.D. Ga. 2013).............................................................................11

*McCoy v. Samsung Elecs. Am., Inc.*,
  No. 21-19470, 2023 U.S. Dist. LEXIS 167150 (D.N.J. Sept. 20, 2023) ...............................5

*Metro. Life Ins. Co. v. Battle*,
  No. 16-2524, 2018 U.S. Dist. LEXIS 118528 (N.D. Tex. July 17, 2018) ..............................2

*Nicdao v. Chase Home Fin.*,
  839 F. Supp. 2d 1051 (D. Alaska 2012) (AK same)...........................................................3

*Parenteau v. GM, LLC*,
  No. 14-04961, 2015 U.S. Dist. LEXIS 31184 (C.D. Cal. Mar. 5, 2015)................................7

*Powell v. Subaru of Am., Inc.*
  502 F, Supp. 3d 856 (D.N.J. 2020) ...................................................................................4

*Rains v. Jaguar Land Rover N. Am., LLC*,
  No. 22-4370, 2023 U.S. Dist. LEXIS 172019 (D.N.J. Sept. 26, 2023) ......................... 14, 15

*Rollolazo v. BMW of N. Am., LLC*,
  No. 16-00966, 2017 U.S. Dist. LEXIS 223096 (C.D. Cal. May 2, 2017) ..............................3

*In re Santa Fe Nat'l Tobacco Co. Mktg. & Sales Practices & Prods. Liab. Litig.*,
  288 F. Supp. 3d 1087 (D.N.M. Dec. 2017).........................................................................4

*Shariese Abdullah v. Rowan Univ.*,
  No. 21-19256-RMB-MJS,  2024 U.S. Dist. LEXIS 205019 (D.N.J. Nov. 12,
  2024)...............................................................................................................................5

*Stevenson v. Mazda Motor of Am., Inc.*,
  No. 14-5250, 2015 U.S. Dist. LEXIS 70945 (D.N.J. June 2, 2015) ....................................14

*In re Subaru Battery Drain Prods. Liab. Litig.*,
  No. 20-03095, 2021 U.S. Dist. LEXIS 62373 (D.N.J. Mar. 31, 2021) ......................... 3, 8, 9

*In re Takata Airbag Product Liability Litigation*
  355 F. Supp. 3d 1136 (D. Utah 2018) ...............................................................................9

*In re Volkswagen*
  No. 16-2765, 2017 U.S. Dist. LEXIS 70299 (D.N.J. May 8, 2017) .....................................11

**State Cases**

*Alaska Sales & Serv., v. Millet,*
  735 P.2d 743 (Alaska 1987) ...............................................................................................3

*Ashby v. Ashby,*
  2010 UT 7, 227 P.3d 246 (Utah 2010) (UT same) ...........................................................3

*Davis v. OneWest Bank N.A.,*
  No. 02-14-00264, 2015 Tex. App. LEXIS 3470 (Tex. App. Apr. 9, 2015)...........................2

*Erwin v. Mendenhall,*
  433 P.3d 1090 (Alaska 2018) ...........................................................................................3, 5

*HealthBanc Int'l, LLC v. Synergy Worldwide, Inc.,*
  435 P.3d 193 (Utah 2018) ................................................................................................13

*HECI Exploration C. v. Neel,*
  982 S.W.2d 881 (Tex. 1998) ...............................................................................................2

*Kopel v. Kopel,*
  229 So. 3d 812 (Fla. 2017) ................................................................................................5

*Lagunes v. Ford Motor Co.,*
  No. 30-2024-01397084, 2024 Cal. Super. LEXIS 56481 (Cal. Super. Ct. Oct.
  28, 2024).............................................................................................................................12

*Manatee Cty. v. Town of Longboat Key,*
  365 So.2d 143 (Fla. 1978) ..................................................................................................4

*Oregel v. American Isuzu Motors, Inc.,*
  90 Cal.App.4th 1094 (2001) ...............................................................................................7

*Rattagan v. Uber Techs., Inc.,*
  324 Cal. Rptr. 3d 433 (2024) ........................................................................................8, 12

*Robertson v. Fleetwood Travel Trailers of California, Inc.,*
  144 Cal. App. 4th 785 (2006) .............................................................................................7

*Silvio v. Ford Motor Co.*
  109 Cal. App. 4th 1205, 1207-08 (2003) .......................................................................6, 7

*Watson v. City of San Marcos,*
  No. 03-00307, 2023 Tex. App. LEXIS 2515 (Tex. App. Austin 3d Dist. Apr.
  20, 2023)...............................................................................................................................2

**Federal Statutes**

California's Song-Beverly Act .................................................................................................6

**State Statutes**

Utah Code Ann. § 13-11-23 .............................................................................................. 14, 15

**Rules**

Rule 9(b) ................................................................................................................................13

**Other Authorities**

Comal County Criminal District Attorney-Appeals,
    https://www.co.comal.tx.us/cda/Appeals.htm .......................................................................2

Texas State Historical Association, *Comal County*,
    https://www.tshaonline.org/handbook/entries/comal-county .................................................2

## I.    INTRODUCTION

Plaintiffs Robinson, Anders, Brenner, Chaidez, and Taylor ("Plaintiffs") make several errors of law and mischaracterize certain arguments of Subaru of America, Inc. ("SOA") and Subaru Corporation ("SBR") (collectively, "Subaru Defendants" or "Subaru") in opposing ("Opposition") Subaru's motion to dismiss ("Motion") the First Amended Class Action Complaint ("Complaint"). First, each of Plaintiffs' unjust enrichment claims fails because the New Vehicle Limited Warranty ("NVLW") governs the relationship concerning the sale or lease of the Subject Vehicles, and Plaintiffs have an adequate remedy at law. Furthermore, certain Plaintiffs cannot bring independent claims for unjust enrichment under the laws of their respective home states. Additionally, Plaintiffs improperly attempt to categorize their design defect claim as a manufacturing defect to circumvent the express warranty they entered into, while also obscuring the required elements of their other causes of action to confuse the issues. This tactic results in their failure to meet the necessary elements, as they do not plead with sufficient detail to withstand scrutiny. Specifically, by misstating or misapplying case law, Plaintiffs' Opposition ultimately relies on vague and unsupported allegations from the Complaint. Once these legal errors and mischaracterizations are addressed, the weaknesses in their arguments become evident. Proper application of governing law and pleading standards requires dismissing Plaintiffs' claims for failure to state a claim.

## II.    ARGUMENT

### a.  Plaintiffs' unjust enrichment claims fail as a matter of law for several reasons.

#### i.  Unjust enrichment is not an independent cause of action under Texas or Alaska law.

Plaintiffs Robinson and Anders first argue Count II should not be dismissed as to them because Texas and Alaska law permit them to bring such a claim. Opp. at 24-25. First, although there is a conflict among Texas courts, "[m]ost of the Texas courts of appeals and federal courts that have considered the question under Texas law have rejected the existence of an independent

cause of action for unjust enrichment." *Davis v. OneWest Bank N.A.*, No. 02-14-00264, 2015 Tex. App. LEXIS 3470, at *3 (Tex. App. Apr. 9, 2015) (citation omitted); *Metro. Life Ins. Co. v. Battle*, No. 16-2524, 2018 U.S. Dist. LEXIS 118528, at *5 (N.D. Tex. July 17, 2018) ("In accordance with several other courts, this court has held that Texas law does not confer an independent cause of action for unjust enrichment."). When assessing the split amongst the Texas courts on this issue, the Court should consider that the Court of Appeals for the Third District of Texas at Austin—which includes the district where Plaintiff Robinson resides—has ruled that unjust enrichment does not constitute an independent claim. *Watson v. City of San Marcos*, No. 03-00307, 2023 Tex. App. LEXIS 2515, at *8 (Tex. App. Austin 3d Dist. Apr. 20, 2023); FAC ¶ 12 (New Braunfels, Texas).[1] This is important because if Plaintiff Robinson pursued this claim in state court, she would be unable to maintain a separate claim for unjust enrichment. *Ajose v. Interline Brands, Inc.*, 187 F. Supp. 3d 899, 916 (M.D. Tenn. May 17, 2016) (dismissing a Texas unjust enrichment claim because the individual resided in a jurisdiction where the Court of Appeals had ruled that unjust enrichment is not an independent claim, thereby preventing him from maintaining the claim in state court).

Furthermore, Plaintiff Robinson is incorrect in stating that *Watson* is "at odds with" *HECI Exploration C. v. Neel*, 982 S.W.2d 881 (Tex. 1998) because "[m]ost Texas courts have . . . read" *HECI*'s references to unjust enrichment as a "cause of action," "remedy," and "basis for recovery" "as reiterations of the well-established principle that an equitable suit for restitution may be raised against a party based on the theory of unjust enrichment." Opp. at 24; *Lilani v. Noorali*, No. 09-2617, 2011 U.S. Dist. LEXIS 440, at *37-38 (S.D. Tex. Jan. 3, 2011).

Second, Plaintiff Anders' interpretation of *Alaska Sales* is inaccurate. Opp. at 25. The Alaska Supreme Court has clearly stated, relying on *Alaska Sales*, that "[u]njust enrichment is

---

[1] New Braunfels is located in Comal County. Texas State Historical Association, *Comal County*, https://www.tshaonline.org/handbook/entries/comal-county. Appeals from Comal County Courts are heard in the Third Court of Appeals in Austin, Texas. Comal County Criminal District Attorney-Appeals, https://www.co.comal.tx.us/cda/Appeals.htm.

not a freestanding claim and is a prerequisite for restitution." *Erwin v. Mendenhall*, 433 P.3d 1090, 1095 n.10 (Alaska 2018) (citing *Alaska Sales & Serv. V. Millet*, 735 P.2d 743, 746 (Alaska 1987)).

Thus, Plaintiffs Robinson and Anders' unjust enrichment claims fail as a matter of law.

### ii. Plaintiffs' failure to establish the absence of an adequate remedy at law and the existence of the NVLW bars Plaintiffs' unjust enrichment claims.

Plaintiffs contend that dismissing an unjust enrichment claim is inappropriate when the defendant contends that the warranty does not require repairing the specific defect in dispute. Opp. at 26. Plaintiffs' attempt to narrowly interpret the case law cited in Subaru's moving papers. However, unlike their attempted argument, the proper inquiry is *not* whether the alleged defect is covered under the NVLW (i.e. defect in manufacturing or workmanship v. design defect); instead, the key inquiry is whether the contract or warranty at issue governs the subject matter of the litigation and the related relationship between the parties—here, the purchase of the Subject Vehicles. *Rollolazo v. BMW of N. Am., LLC*, No. 16-00966, 2017 U.S. Dist. LEXIS 223096, at *37 (C.D. Cal. May 2, 2017) (holding Texas and Utah law do not permit a plaintiff to "maintain an unjust enrichment claim where an express contract **governs the parties' relationship with respect to a particular subject matter**") (emphasis added); *Ashby v. Ashby*, 2010 UT 7, 227 P.3d 246, 250–51 (Utah 2010) (UT same); *Armstrong v. BMW of N. Am., LLC*, 2025 U.S. Dist. LEXIS 60160, *47–48 (D.N.J. Mar. 31, 2025) (CA and FL same); *Nicdao v. Chase Home Fin.*, 839 F. Supp. 2d 1051, 1071 (D. Alaska 2012) (AK same).

Here, the NVLW indisputably governs the parties' relationship by detailing SOA's obligations under the warranty, limiting them to manufacturing and workmanship defects, not design defects. This aligns with the Court's findings in another Subaru case, where the Court "dismiss[ed] [an] unjust enrichment claim where defendant argued that the complained-of defect was a design defect not covered by warranty." *In re Subaru Battery Drain Prods. Liab. Litig.*,

No. 20-03095, 2021 U.S. Dist. LEXIS 62373, at *89 (D.N.J. Mar. 31, 2021) (citing *Powell v. Subaru of Am.*, Inc., 502 F. Supp. 3d 856, 898 (D.N.J. 2020)).[2]

Moreover, this is not a situation where any party is contesting the validity of the NVLW, by suggesting it is unconscionable.[3] *Defrank v. Samsung Elecs. Am., Inc.*, No. 19-21401, 2020 U.S. Dist. LEXIS 198893, at *54-55 (D.N.J. Oct. 26, 2020) ("it is generally true that the existence of a valid written agreement governing the rights of the parties rules out a parallel cause of action based on unjust enrichment," but that an unjust enrichment claim could survive dismissal "if the validity of the contract has been called into question," such as in cases of

---

[2] For this reason, Subaru respectfully contends that the decision reached in *Glenn v. Hyundai Motor Am.*, on which Plaintiffs rely, was mistakenly decided. The decision narrowly interpreted the express warranty bar for unjust enrichment claims by focusing only on whether the alleged conduct is covered, ignoring whether a contract or warranty governs the parties' relationship concerning the Subject Vehicles. The Court overlooked that the focus should be on the parties' obligations, which may not always cover specific conduct under the written agreement but still involve an express warranty.

[3] *See also In re Santa Fe Nat'l Tobacco Co. Mktg. & Sales Practices & Prods. Liab. Litig.*, 288 F. Supp. 3d 1087, 1261 (D.N.M. Dec. 2017) (quoting *Manatee Cty. v. Town of Longboat Key*, 365 So.2d 143, 147 (Fla. 1978)) (explaining that the holding that the "adequate-legal-remedy doctrine does not apply to unjust enrichment claims provide[s] no sound reasoning for such a bright-line exception" and dismissing an attempt to plead alternatively, by relying on the Florida Supreme Court's holding that "[w]here the Legislature has created such a clear remedy for a specifically identified evil, a court of equity will enforce that remedy"); *In re GM LLC Ignition Switch Litig.*, 257 F. Supp. 3d 372, 454-455 (S.D.N.Y. June 30, 2017) (holding that even if Texas recognized unjust enrichment was an independent cause of action, such claims should still be dismissed where the plaintiff has an adequate remedy at law; *City of Page v. Utah Associated Mun. Power Sys.*, No. 05-921, 2006 U.S. Dist. LEXIS 46250, at *18 (D. Utah July 7, 2006) (holding dismissal of an unjust enrichment claim was appropriate under Utah law where the parties agreed there were "valid, express contracts that govern the relationship" between the parties and thus an "adequate remedy at law"); *Guzman v. Polaris Indus. Inc.*, No. 8:19-cv-01543, 2021 U.S. Dist. LEXIS 98389, at *33-34 (C.D. Cal. May 12, 2021), rev'd on other grounds, No. 21-55520, 2022 U.S. App. LEXIS 27297 (9th Cir. Sept. 29, 2022) (holding alternative pleading is not appropriate where the plaintiff seeks damages based on the same conduct as her other claims because she has an adequate remedy at law).

unconscionability). Therefore, alternative pleading is not appropriate in this context. Motion at 22-24 (citing cases).[4]

### iii. Plaintiff Taylor's unjust enrichment claim additionally fails for its inability to satisfy Florida's direct benefit requirement.

Plaintiffs are mistaken that the rule of law articulated in *Defillipo* is not consistent with Florida law. Opp. at 27. Instead, "a direct benefit is a requirement for an unjust enrichment claim." *McCoy v. Samsung Elecs. Am., Inc.*, No. 21-19470, 2023 U.S. Dist. LEXIS 167150, at *32 (D.N.J. Sept. 20, 2023) (citing *Kopel v. Kopel*, 229 So. 3d 812, 818 (Fla. 2017)). This element is not satisfied where the plaintiff purchased the allegedly defective product from a third-party intermediary, including an authorized dealer of the defendant. *McCoy*, 2023 U.S. Dist. LEXIS 167150, at *32 (dismissing a plaintiff's unjust enrichment claim under Florida law where the plaintiff purchased the product from a third-party authorized retailer rather than directly from the named defendant); *Defrank v. Samsung Elecs. Am., Inc.*, No. 19-21401, 2020 U.S. Dist. LEXIS 198893, at *58-59 (D.N.J. Oct. 26, 2020) (same). Therefore, Plaintiff Taylor's claim must also be dismissed because she purchased her vehicle from a dealership.

### b. Plaintiff Robinson concedes that she did not allege a money-had-and-received claim.

Count III of the FAC asserts a "Money-Had-And-Received" claim by "Plaintiff Robinson on behalf of the Texas Class." FAC ¶¶ 180-189. Despite this, Plaintiff Robinson now claims she has "alleged no such money-had-and-received cause of action." Opp. at 27. In light of this blatant abandonment, the Court should dismiss Count III in its entirety. *Shariese Abdullah v. Rowan Univ.*, No. 21-19256-RMB-MJS, 2024 U.S. Dist. LEXIS 205019, at *49 (D.N.J. Nov. 12, 2024) ("The failure to oppose a motion to dismiss—like waiving the white flag of surrender—signals to

---

[4] Furthermore, Plaintiffs' reliance on *Erwin v. Mendenhall* is unavailing as it supports Subaru's position. 433 P.3d at 1095-96 n. 10, 18 (Alaska 2018) (holding that under Alaska law that equitable remedies, "based on the concept of quasi-contract, [are] only available when there is no adequate remedy at law").

the Court that the party cannot defend the claim (or didn't mean to bring it), and thus the claim should be dismissed.").

### c. Plaintiffs' express warranty claims fail because the Mirror Defect is a design defect.

While some courts postpone determining whether a defect arises from design or materials/workmanship until the summary judgment stage, the Third Circuit asserts that resolving this issue at the motion to dismiss stage is appropriate—in cases like this—due to the unmistakable allegations of a design defect. *See, e.g., Amato v. Subaru of N. Am., Inc.*, No. 18-cv-16118, 2019 U.S. Dist. LEXIS 209659, at *11-17 (D.N.J. Dec. 5, 2019). Here, Plaintiffs allege the Mirror Defect arises from (1) "deficient materials used to make the mirror housing components themselves;" (2) "a deficiency in the structure of the mirror housing and/or its components;" or (3) "the way the vehicles' mirror housings are manufactured." Opp. at 3 (quoting FAC ¶¶ 3, 107). The first two allegations concern the choice of materials and structural design, which are clearly design defects as a matter of law. Motion at 8-10. Therefore, the Court should, at a minimum, allow Plaintiffs to proceed only with the allegation that the Mirror Defect is due to the manufacturing process, provided this allegation is sufficient to claim a defect in materials or workmanship.

### d. Plaintiff Brenner's breach of express warranty claims fail as a matter of law.

Plaintiff Brenner first argues that the plain, unambiguous text of the Song-Beverly Act, which requires a "reasonable number of attempts" to repair, does not apply to his situation because the Subaru dealership did not perform a repair during his first visit to the dealership. Opp. at 7-8. Plaintiffs' reliance on *Gertz v. Toyota Motor Corp.* and *Millicevic v. Mercedes-Benz USA, LLC* is misplaced, as neither case addresses an express warranty claim under California's Song-Beverly Act, nor have they been relied upon by other courts when interpreting the Act's multiple repair attempt requirement. *Silvio v. Ford Motor Co.* makes it clear that Plaintiff Brenner's interpretation is incorrect. In *Silvio*, the court ruled in favor of Ford because the

plaintiff failed to satisfy Song-Beverly's "reasonable number of attempts" requirement by only bringing her vehicle to an authorized Ford dealership once, even where Ford failed to make any repairs. 109 Cal. App. 4th 1205, 1207-08 (2003).[5]

Plaintiff Brenner's argument in opposition to Subaru's motion regarding his express warranty claim under Section 2313 also fails. First, Plaintiff Brenner does not allege that he was actually exposed to the terms of the NVLW before the purchase. Instead, he merely asserts that he relied on the NVLW without specific knowledge of its terms prior to purchasing his vehicle. *See* FAC ¶ 64 ("Prior to the lease contract signing, Hello Subaru assured Mr. Brenner that the Brenner Vehicle was accompanied by Subaru's New Vehicle Limited Warranty."). The remaining allegations cited by Mr. Brenner do not actually state that he was exposed to or relied on the specific terms, but rather on the existence of the NVLW itself. Second, Plaintiff Brenner has not sufficiently alleged the exact terms of the warranty, making his reliance on *Parenteau v. Gen. Motors*[6] and *Hastings v. Ford Motor Co.* unavailing, and his claims fail as a matter of law. Motion at 10-11 (citing cases).

---

[5] California courts have recognized the consumer's obligation to satisfy the "reasonableness of the number of repair attempts" requirement is "to give the manufacturer or its representative 'a reasonable opportunity to repair the vehicle'" and "[w]hether or not the manufacturer's agents choose to take advantage of the opportunity, or are unable despite that opportunity to isolate and make an effort to repair the problem, are matters for which the consumer is not responsible." *Robertson v. Fleetwood Travel Trailers of California, Inc.*, 144 Cal. App. 4th 785, 799 (2006) (quoting *Oregel v. American Isuzu Motors, Inc.*, 90 Cal.App.4th 1094, 1100 (2001)). If Plaintiff Brenner's interpretation were correct, this rule of law would be rendered superfluous, as the inquiry would simply conclude with a defendant's refusal to complete a repair during the first visit, when no repair is attempted, eliminating the need to assess the reasonableness of the number of attempts.

[6] Plaintiff Brenner's reliance on *Parenteau* is particularly misplaced because the sufficiency of pleading the warranty terms was not at issue in that case. Instead, regarding the express warranty claim, the defendant argued that the plaintiffs' claim failed because "they have not pleaded any factual matter showing (1) that the claimed defect actually has damaged their vehicles so that they are in need of repair or (2) that they actually requested GM dealers to perform repairs." *Parenteau v. GM, LLC*, No. 14-04961, 2015 U.S. Dist. LEXIS 31184, at *23 (C.D. Cal. Mar. 5, 2015).

### e. Plaintiffs' remaining statutory and common law fraud claims fail as a matter of law.

#### i. Plaintiffs forfeited any claim regarding fraud due to affirmative misrepresentation.

In its Motion, Subaru argued that Plaintiffs' statutory and common law fraud claims, insofar as they reference affirmative misrepresentations as suggested in the Complaint, should be dismissed if not grounded in fraudulent concealment because the alleged statements amount to mere puffery. *See* Motion at 15-16. In their Reply, Plaintiffs neither contest this assertion nor cite any legal precedent that contradicts the characterization of the statements as puffery. Consequently, any fraud claims based on affirmative misrepresentations must be dismissed as waived. *Doe on behalf of Doe v. Small*, 654 F. Supp. 3d 376, 387 (D.N.J. 2023) (citations omitted) ("The failure to respond to a substantive argument to dismiss a count, when a party otherwise files opposition, results in a waiver of that count.").

#### ii. Plaintiffs do not adequately allege fraudulent concealment.

While Plaintiffs underscore the more lenient 9(b) pleading standard for fraudulent concealment, both statutory and common law, they cannot neglect the obligation to sufficiently plead each element. Opp. at 11 (Plaintiffs argue: "Claims of fraud based on an omission are held to less rigorous standard of pleading than claims of affirmative misrepresentation"); *but see Rattagan v. Uber Techs., Inc.*, 324 Cal. Rptr. 3d 433, 465, (2024) (cited to by Plaintiffs) (holding "courts apply the same specificity standard [used for affirmative misrepresentation claims] to evaluate the factual underpinnings of a fraudulent concealment claim at the pleading stage, even though the focus of inquiry shifts to the unique elements of the claim."). Contrary to Plaintiffs' claim, the relaxed 9(b) standard applies only to aspects like "[m]alice, intent, knowledge, and other conditions of a person's mind," which can be "alleged generally." *In re Subaru Battery Drain Prods. Liab. Litig.*, No. 20-03095, 2021 U.S. Dist. LEXIS 62373, at *67 (D.N.J. Mar. 31, 2021). However, Subaru is not challenging Plaintiffs on these elements. Instead, Plaintiffs are required to present "alternative means of injecting precision and some measure of substantiation into their allegations" and must plead the remaining elements, such as reliance, causation, and

the duty to disclose, with heightened particularity. *Id.* Here, the Complaint lacks the necessary factual support, falling short of meeting even the plausibility standard.

### iii. The Subaru Defendants had no duty to disclose.

In their Opposition, Plaintiffs blend laws from various states, including those states from which they have withdrawn fraud claims, cherry-picking favorable aspects and unsupported quotations without fully addressing the issues. *Compare* Opp. at 11-12 ("under the laws of…Florida…Subaru had a duty to disclose.") *with* Opp. at 1 ("Plaintiffs agree to withdraw" the Florida fraudulent concealment and statutory fraud claims).

First, Plaintiffs erroneously cite *Mitchell v. Wells Fargo Bank* and *In re Takata Airbag Product Liability Litigation* to support their claim that "Utah imposes a duty to disclose where defendants 'were in a superior position to know the truth of the statements made to Plaintiffs.'" *See* Opp. at 12-13. However, *Mitchell* actually establishes that, in Utah, a duty to disclose arises only when there is a relationship based on privity between the parties. 355 F. Supp. 3d 1136, 1162 (D. Utah 2018) ("[W]here fraud on the basis of nondisclosure is asserted, whether a duty to speak exists is determinable by reference to all the circumstances of the case and by comparing the facts not disclosed with the object and end in view by the **contracting parties**.") (emphasis added). The language quoted by Plaintiffs in the Opposition from *Mitchell* actually comes from the allegations in the complaint—not from the court explaining that superior knowledge is in and of itself a source of a duty to disclose. *See id.* at 1162-63 ("Plaintiffs allege that 'Defendants were in a superior position to know the truth of the statements made to Plaintiffs.'"). Instead, because Utah only recognizes a duty to disclose where there is a special or fiduciary relationship, and "Plaintiffs allege no fiduciary or special relationship between Plaintiffs and Subaru," Plaintiff Chiadez's fraudulent concealment and UCSPA claim must be dismissed. Opp. at 10; *Copeland v. Albion Labs., Inc.*, No. 15-585, 2015 U.S. Dist. LEXIS 154757, at *13 (W.D. Wash. Nov. 16, 2015) ("In Utah, courts impose a duty to disclose only where there is a fiduciary or special relationship between the parties.").

Second, Plaintiffs contend that Texas and Alaska courts "impose[] a duty to disclose where "one voluntarily discloses partial information but fails to disclose the whole truth" and/or to "prevent his partial or ambiguous statement of the facts from being misleading." Opp. at 13. Plaintiffs argue that "advertis[ing] numerous safety features of Class Vehicles" on the Plaintiffs' *Monroney* stickers, citing to Complaint ¶¶ 25, 44, "but [choosing] not to mention that the side-view mirror would vibrate when the car was driven" created a duty to disclose. *Id.* at 13, 21. Subaru's Motion proves that, under Texas law, a duty to disclose exists only in the presence of a fiduciary or confidential relationship between parties, and neither the Texas Supreme Court nor the Fifth Circuit has adopted the exceptions cited by Plaintiffs. *See* Motion at 19, n.11.[7]

Regardless of whether the Court adopts this approach, Plaintiffs' claims fail because statements considered puffery, such as describing the cars as "safe," as asserted in Plaintiffs' Opposition and Complaint, do not constitute representations or disclosures that would trigger a duty to disclose, as detailed in Subaru's moving papers. Motion at 15-16, 20. Moreover, Plaintiffs do not dispute this argument in their Opposition.[8] Therefore, Plaintiff Robinson's (TX) remaining statutory fraud claim and Plaintiff Anders' (AK) statutory and common law fraud claims must be dismissed.

Furthermore, Plaintiffs argue that under Texas and California law, a duty to disclose may be imposed if a safety defect is alleged, and that superior knowledge imposes such a duty under

---

[7] *See also Adams v. Nissan N. Am., Inc.*, 395 F. Supp. 3d 838, 849–50, n.9 (S.D. Tex. 2018) (recognizing that while certain intermediary courts adopted this approach, "[u]nder Texas law, a duty to disclose . . . arises only in limited circumstances where there is a fiduciary or confidential relationship."); *Admiral Ins. Co. v. Arrowood Indem. Co.*, 471 B.R. 687, 711 (N.D. Tex. 2012) ("The court is not convinced that the Texas Supreme Court has recognized" a duty in an arm's length transaction).

[8] To the extent Plaintiffs contend that the *Monroney* stickers simply list features of the Subject Vehicles and their country of origin, this cannot create a duty to disclose because Plaintiffs fail to allege how such information was false or misleading. *See Bullard v. Jaguar Land Rover Auto. PLC*, No. 20-14464, 2023 U.S. Dist. LEXIS 130737, *38 (D.N.J. July 28, 2023) ("The Monroney labels only note that the engine contains a turbocharger—a true fact—and no disclosure is necessary to correct that representation.").

California law. Although Subaru waives its argument regarding the adequacy of Plaintiffs' pleading of a duty to disclose under California law, it maintains that no safety defect exists and that it lacked prior knowledge of any such defect before the sale of the vehicles. Nevertheless, for the reasons detailed below, Plaintiffs' California fraud claims should be dismissed under the economic loss doctrine and because Plaintiffs failed to plead the requisite reliance.

Finally, Plaintiffs mislead the Court because, under Texas law, there is no separate obligation to disclose when a safety defect is alleged. Plaintiffs rely exclusively on *In re Volkswagen* for such a contention; however, the court in *In re Volkswagen* dismissed the Texas Plaintiff because "Texas . . . only impose[s] a duty to disclose where there is a fiduciary or special relationship, or when a defendant makes a misleading partial disclosure." No. 16-2765, 2017 U.S. Dist. LEXIS 70299, at *59 (D.N.J. May 8, 2017).[9] Subaru was unable to locate any case law in Texas or the Fifth Circuit which holds that such a duty exists. For the reasons above and in the moving papers, Plaintiff Robinson's claims must be dismissed.[10]

Therefore, under Texas, Alaska, and Utah law, the Court must dismiss Plaintiffs fraud claims for failing to allege an applicable duty to disclose.

---

[9] In *In re Volkswagen*, the court cited to *McCabe v. Daimler AG*, 948 F. Supp. 2d 1347, 1368-70 (N.D. Ga. 2013) which held: "imposing a duty to disclose where 'safety defects with gasoline tanks ... could not have been discovered through the exercise of ordinary prudence and caution [by plaintiffs]' and allowing the fraud by omission claims under Georgia and Texas law to proceed." 2017 U.S. Dist. LEXIS 70299, at *61. However, this language was taken from the court's summary of the Texas plaintiff's complaint rather than established case law affirming such a duty. *McCabe*, 948 F. Supp. 2d at 1369. This citation also conflates the holding related to safety defects with that of the Georgia plaintiff, potentially leading to confusion regarding the application of Texas law. *Id.* at 1368. Therefore, *McCabe* should not be deemed precedential for this point; but instead, the overwhelming authority in Texas should prevail. *See* Motion at 18-19.

[10] Since the duty to disclose based on superior or exclusive knowledge applies only to the California Plaintiff, Subaru finds no reason to address Plaintiffs' argument in Section III.B, which argues that a duty generally arises from Subaru's superior pre-sale knowledge of the defect (without specifying which state is applicable).

### iv.  The economic loss doctrine bars the Utah and California fraudulent concealment claims.

Just as in *Cohen* and *Burd*, this Court should dismiss Plaintiffs' efforts to circumvent the dismissal of their fraudulent omission claims in California by contending that such claims fall under the fraudulent inducement exceptions. This Court should continue to follow the rule of law that fraudulent concealment claims do not fit within the narrow exception to economic loss rule, which "appears to remain the majority view" in the California Central District Court. *Joe v. Ford Motor Co.*, 689 F. Supp. 3d 760, 780 (C.D. Cal. Aug. 30, 2023). This is because "any uncertainty arising from" California's exception to the economic loss rule "should be resolved so as to limit rather than expand liability." *Id.* Furthermore, there is no need to address the implications of the *Dhital* decision where—as here—Plaintiff Brenner fails to allege "personal damages independent of [his] economic loss," which is another required element. Motion at 21; *see also Joe*, 689 F. Supp. 3d at 779 (dismissing Plaintiffs' fraudulent omission claims where Plaintiff failed to allege, among others, "liability for personal damages independent of their economic loss"); *Haas v. GM LLC*, No. 23-10522, 2024 U.S. Dist. LEXIS 62581, at *15 (C.D. Cal. Apr. 4, 2024) ("Many courts have already addressed why *Dhital* is unpersuasive authority").

Plaintiffs also confuse the issues by relying on *Rattagan*, which only holds—as Plaintiffs even cite to—that there is an exception to fraudulent concealment for concealment "during the course of a contractual relationship" 17 Cal. 5th at 44; Opp. at 22. However, Plaintiffs' fraudulent concealment claim addresses Subaru's alleged *pre*-purchase omissions and therefore *Rattagan* is irrelevant to this case. *Lagunes v. Ford Motor Co.*, No. 30-2024-01397084, 2024 Cal. Super. LEXIS 56481, at *10-11 (Cal. Super. Ct. Oct. 28, 2024) (holding the because of the "lack of a ruling by the Supreme Court in *Dhital*" and after the ruling in *Rattagan*, "the Court

finds *Robinson* continues to present a narrow exception to the [economic loss doctrine], which does not permit the concealment claim here.").

Additionally, both parties agree that "Utah has not recognized any fraud exception to the economic loss rule which bars any tort claim when the parties have a contract that covers the subject matter at issue." *Barclay v. Ifit Health & Fitness Inc.*, No. 19-2970, 2022 U.S. Dist. LEXIS 249715, at *9 (D. Minn. July 1, 2022) (citing *HealthBanc Int'l, LLC v. Synergy Worldwide, Inc.*, 435 P.3d 193 (Utah 2018)); Opp. at 23. Instead Plaintiffs just argue that the "allegations supporting the fraudulent concealment claim arise from a set of facts distinct from the breach of express warranty claims." Opp. at 23. However, as described in Section II.a.ii., the express warranty governs the relationship concerning Plaintiff Chiadez's Subject Vehicle and therefore, Plaintiff is bound by such terms. The Utah Supreme Court case cited to by Plaintiffs, held: "Contracts are negotiated first and drafted second. To claim that a promise is independent of a contract simply because it was spoken prior to the formation of a contract would open the door to tort liability for all pre-contractual negotiations that were eventually enshrined in a contract." *Synergy Worldwide, Inc.*, 435 P.3d at 197. Consequently, given that "[i]ntentional bad acts are insufficient by themselves to justify an exception to the economic loss rule," and considering that Subaru's alleged concealment took place before the purchase—making the fraud claim indistinguishable from the contract claim—"contract law remains sufficient to 'punish' the breaching party." *Id*. Therefore, the California and Utah Plaintiffs claims must be dismissed.

### v. Plaintiffs' fraud claims must be dismissed because they fail to properly plead causation and/or reliance.

In its moving papers, Subaru demonstrates that Plaintiffs were obligated to either plead reliance on Subaru's alleged omissions, or that these omissions influenced their decision to purchase a Subject Vehicle, and that such pleadings must satisfy the heightened standard of Rule

9(b). Motion at 12-18. In their Opposition, Plaintiffs try to distract from this requirement by asserting that the pleading standard is relaxed. Opp. at 19. Nevertheless, even with a relaxed standard, they are still obligated to specify when they encountered the material containing the omission, who communicated it, and what was omitted—details they have failed to provide. *See also Stevenson v. Mazda Motor of Am., Inc.*, No. 14-5250, 2015 U.S. Dist. LEXIS 70945, *13-14 (D.N.J. June 2, 2015) (dismissing Plaintiffs' claims for misrepresentation and omission where plaintiff failed to allege "who exactly spoke with Plaintiff, what the representative specifically said to Plaintiff that constituted concealment, what Plaintiff found to be material about the representative's statements, and when these statements were made to Plaintiff.").[11] Plaintiffs attempt to reframe their bare boned allegations for causation and reliance by arguing that certain Subaru materials "[led] Plaintiffs to believe the Class Vehicles were safe, reliable, and high-quality cars." Opp. at 20. For instance, while Plaintiffs cite Subaru's website content concerning vehicle safety and durability, they do not assert that the Plaintiff actually viewed this information prior to purchasing the vehicle. *Id*. Practically, it is unreasonable to assume that Plaintiffs would have been aware of the alleged defect even if Subaru had disclosed it on the asserted platform. Merely claiming that certain materials created the impression that the vehicles were safe, leading them to purchase the vehicles, is insufficient without factual evidence to support these claims. Therefore, the fraud claims, lacking factual support, must be dismissed under all standards.

**f.    The UCSPA preempts any non-UCSPA class claims for damages.**

Plaintiff Chaidez's UCSPA claim preempts other Utah claims that seek damages on a class-wide basis. Utah Code Ann. § 13-11-23; *Johnson v. Blendtec*, Inc., 500 F. Supp. 3d 1271, 1288 (D. Utah 2020); *Rains v. Jaguar Land Rover N. Am., LLC*, No. 22-4370, 2023 U.S. Dist. LEXIS 172019, at *39 (D.N.J. Sept. 26, 2023). *Johnson v. Blendtec, Inc.*, which this Court has described as the "seminal ruling" on this issue, stated in relevant part: "[t]he text of section 13-

---

[11] The Opposition in this section centers on the duty to disclose and Subaru's knowledge, which are irrelevant to the elements of causation or reliance and distract from this separate requirement for proving fraudulent concealment. *See generally* Opp. at 19-22.

11-23 unequivocally provides that the UCSPA is the *only* class remedy available for transactions that fall within its ambit." *Johnson*, 500 F. Supp. 3d at 1288; *Rains*, 2023 U.S. Dist. LEXIS 172019, at \*39. Plaintiff Chaidez's mistaken attempt to equate Section 13-11-19 of the UCSPA, a class action bar, with Section 13-11-23 of the UCSPA, which outlines the remedies available when a plaintiff pursues a UCSPA claim for damages, is unavailing. Opp. at 29–31; *Rains*, 2023 U.S. Dist. LEXIS 172019, \*39 (citing *Johnson*, 500 F. Supp. 3d at 1288) (refusing to determine whether Section 19 of the UCSPA's class action bar applies at the pleading stage, while simultaneously dismissing any non-UCSPA claims seeking damages as preempted under Section 13-11-23 of the UCSPA). Accordingly, the Court should dismiss Counts I, II, XIX.

> **g.  Plaintiff Brenner acknowledges that he does not seek to recover actual damages under his UCL claim.**

Initially, Plaintiff Brenner alleged that "[a]s a direct and proximate result" of Subaru's actions, he and California Class Members "have suffered and will continue to suffer actual damages." FAC ¶ 336. However, he now asserts that he seeks only equitable relief for his UCL claim. Opp. at 28-29. Given this concession, the Court should dismiss Count XVI to the extent it seeks actual damages.

## III.    CONCLUSION

For all these reasons, and the reasons stated in their moving papers, the Subaru Defendants respectfully request this Court enter an order dismissing Plaintiffs' claims as stated above and in their moving papers.

Respectfully submitted,

Dated: April 28, 2025

*s/ Neal Walters*
Neal Walters (020901993)
Casey Watkins (060122014)
Kristen Petagna (324202020)
Jordan Meyer (375302021)
BALLARD SPAHR LLP
700 East Gate Drive, Suite 330
Mount Laurel , NJ 08054-0015

(856) 761-3400
(856) 761-1020 fax
waltersn@ballardspahr.com
watkinsc@ballardspahr.com
petagnak@ballardspahr.com
meyerjl@ballardspahr.com

*Attorneys for Defendant Subaru of America, Inc.*